IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Civil Action No. 08-cv-01304-WDM
(Criminal Action No. 05-cr-00059-WDM)

UNITED STATES OF AMERICA,

v.

RUSSELL D. COOLEY,

    Movant.

---

ORDER GRANTING MOTION TO RECONSIDER
AND DIRECTING MOVANT TO FILE
AN AMENDED 28 U.S.C. § 2255 MOTION

---

On June 26, 2008, Movant Russell D. Cooley filed a Letter with the Court. In the Letter, he requests that the I reconsider the June 19, 2008, Order, in which I construed the habeas corpus Petition that he filed on May 30, 2008, as a 28 U.S.C. § 2255 Motion and denied as time-barred under § 2255(f). I must construe the June 26, 2008, Letter liberally because Mr. Cooley is proceeding *pro se*. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Mr. Cooley filed the Letter within ten days after the dismissal order. I,

therefore, will consider the Letter as a Motion to Reconsider pursuant to Rule 59(e). *See Van Skiver*, 952 F.2d at 1243.

In the Motion to Reconsider, Mr. Cooley asserts that the time limitations under § 2255(f) should be equitably tolled because he was not aware of his counsel's ineffectiveness until October 6, 2006, when he was sentenced in state court and, contrary to his understanding of his federal plea agreement, was sent to a state prison to serve his state sentence as opposed to being returned to federal custody to serve his federal sentence. Movant further asserts that he had no knowledge of the one-year time limitation, but that his trial counsel knew of the time limitation and failed to inform him of the limitation so an ineffective assistance of counsel claim would not be raised in a timely manner.

Mr. Cooley was informed in the June 19, 2008, Order that, under *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000), a § 2255 motion is subject to equitable tolling if an inmate diligently pursues his claims and demonstrates that his failure to timely file was caused by extraordinary circumstances beyond his control. *See U.S. v. Spencer*, 2008 WL 2148989, No. 08-4008 (10th Cir. (Utah) May 22, 2008) (applying *Marsh* to § 2255 motion) (unpublished opinion). Mr. Cooley also was informed in the June 19, 2008, Order that under *Yang v. Archuleta*, 525 F.3d 925 (10th Cir. 2008), he bears the burden of demonstrating that equitable tolling is appropriate in the § 2255 Motion. *See U.S. v. Garcia-Rodriguez*, 2008 WL 1868019, No. 07-8077 (10th Cir. (Wyo.) Apr. 28, 2008) (*Garcia-Rodriguez* relied on *Yang* for finding that a movant in a

2

§ 2255 motion bears the burden to show specific facts to support an extraordinary circumstances and due diligence) (unpublished opinion).

With respect to Movant's claim that he had no knowledge of the one-year time limitation, it is well established that "ignorance of the law, even for an incarcerated pro se [applicant], generally does not excuse prompt filing." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999)). Nonetheless, upon review of the Court file in the instant action, I find that on June 13, 2007, Mr. Cooley submitted a Letter in the instant action in which he states that he did not want to file a motion for ineffective assistance of counsel, but that his counsel had admitted he made a mistake regarding his sentencing. In response to the Letter, on June 26, 2007, I instructed Mr. Cooley's trial counsel, the assistant U.S. attorney, and the U.S. probation officer to recommend what if anything should be done to address Mr. Cooley's concerns. As of the date of the instant order, no recommendation has been received regarding the June 13, 2007, Letter. In light of the lack of a recommendation, and Mr. Cooley's subsequent filings, I will proceed as follows.

Because Mr. Cooley is proceeding *pro se* I will construe liberally the Letter he submitted on June 13, 2007. *See Haines*, 404 U.S. at 520-21; *Hall*, 935 F.2d at 1110. Although Mr. Cooley states in the Letter that he did not intend to raise an ineffective assistance of counsel claim, the basis for Mr. Cooley's request in the Letter is the alleged mistake made by his trial counsel. Claims of ineffective assistance of counsel properly are dealt with in a 28 U.S.C. § 2255 motion. *See United States v. Galloway*, 56 F.3d 1239, 1242 (10th Cir. 1995). The June 13, 2007, Letter was filed in the instant

3

action within a year of October 6, 2006, the date Mr. Cooley claims he became aware of trial counsel's alleged mistake.

I find that the under § 2255(f)(4) the facts supporting Mr. Cooley's claims were not discoverable until October 6, 2006, and that he has pursued his claim of ineffective assistance of counsel with due diligence. I, therefore, will vacate the June 19, 2008, Order, construe the June 13, 2007, Letter as a timely filed 28 U.S.C. § 2255 Motion and the May 30, 2008, Application as a supplement to the § 2255 Motion, and instruct Mr. Cooley to file an Amended § 2255 Motion. Accordingly, it is

ORDERED that Mr. Cooley's June 26, 2008, Letter is construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 59(e) and is granted. It is

FURTHER ORDERED that the June 19, 2008, Order is vacated. It is

FURTHER ORDERED that the June 13, 2007, Letter is construed as a 28 U.S.C. § 2255 Motion and the May 30, 2008, Application is construed as a supplement to the § 2255 Motion. It is

FURTHER ORDERED that the Clerk of the Court is directed to reopen the civil administrative file in Case No. 08-cv-01304. It is

FURTHER ORDERED that Movant file an Amended 28 U.S.C. § 2255 Motion within thirty days of the date of this Order. It is

FURTHER ORDERED that the United States Attorney within twenty days of Movant filing an Amended 28 U.S.C. § 2255 Motion file an answer or other pleading

4

directed to the Motion pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings.

DATED at Denver, Colorado, this 19th day of September, 2008.

BY THE COURT:

WALKER D. MILLER, Senior Judge
United States District Court