IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Criminal Action No. 05-cr-59-WDM
Civil Action No. 08-cv-01304-WDM

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.

RUSSELL D. COOLEY,

    Defendant-Movant.

**AMENDED ORDER**

Miller, J.

This case comes before me on Russell D. Cooley's Amended 28 U.S.C. § 2255 Motion, filed September 26, 2008 (ECF No. 39) (the Amended Motion), his "Motion to Resentence and Require Renewal of Original Plea Proposal," filed November 28, 2008 (ECF No. 44),[1] "Movant's Supplement to 28 U.S.C. § 2255," filed December 15, 2008 (ECF No. 45), and the "Suppl[e]ment to 28 U.S.C. § 2255," filed September 18, 2009 (ECF No. 47). The government responded to the Amended Motion, although not to any of the later filings, and Cooley filed a reply in support of his Amended Motion. I have considered all these filings and conclude Cooley's Amended Motion should be denied.

BACKGROUND

In February 2005, Cooley was incarcerated in the jail for Weld County, Colorado,

---

[1] ECF No. 44 is styled as a motion but does not raise any new issue. I consider it as a supplement to Cooley's argument on his claim of ineffective assistance of counsel.

awaiting proceedings on state charges, when a federal indictment issued, charging him with possession of a firearm by a felon. 18 U.S.C. § 922(g)(1). Cooley was placed in the temporary custody of the United States Marshal Service, pursuant to a writ of habeas corpus *ad prosequendum*. The writ specified that he was to remain in federal custody until "immediately after conclusion of the proceedings . . . in the United States District Court for the District of Colorado," at which time, the Marshal was to return Cooley "to the institution where he was confined[.]"  Feb. 25, 2005 Writ of Habeas Corpus *ad Prosequendum* (Docket No. 5).

This Court appointed an Assistant Federal Public Defender (FPD) to represent Cooley in his federal case. At his arraignment on March 7, 2005, the Magistrate Judge ordered that he be detained pending trial, noting in her order of detention that Cooley was "being held in Weld County on pending charges and [was] ineligible for bond[.]" Order of Detention (Docket No. 13). Cooley thereafter filed a Notice of Disposition and, on June 2, 2005, pleaded guilty to the federal firearms count. I sentenced him on September 19, 2005, to a term of imprisonment in the federal Bureau of Prisons (BOP) for a period of forty-two months. As directed in the Writ of Habeas Corpus *ad Prosequendum*, the Marshal returned Cooley to the custody of Weld County officials rather than delivering him to the BOP to begin serving his federal sentence. Executed Writ of Habeas Corpus *ad Prosequendum* (Docket No. 29).

On October 6, 2006, Cooley appeared in state court in Weld County, where he pleaded guilty and received a sentence of 120 months in the Colorado Department of Corrections (DOC), to run concurrently with a second state sentence of forty-two months on convictions for aggravated robbery and possession of a controlled substance. The state

sentences are not concurrent with the federal sentence. Following the sentencing in Weld County, Cooley was incarcerated in the DOC to begin serving his state sentences.

In his section 2255 Motion, Cooley explains that his guilty plea in federal court was premised on his understandings, developed through discussions with his court-appointed counsel, that he would begin serving his federal sentence first and that, given the fact he would be in federal custody, the Weld County court would very likely order the state sentences to run concurrently with the federal sentence. Amended Motion, at 1 (ECF No. 39). Cooley's goal in both federal and state plea bargains was, if possible, to obtain concurrent sentences on all federal and state charges.[2] Despite this goal and his understandings with counsel, neither Cooley nor his FPD requested, in the plea agreement or at the change of plea or sentencing hearings, a federal sentence imposed to be concurrent with any sentence received on his pending state charges.

On June 13, 2007, Cooley wrote a letter to this Court, explaining that he had accepted the federal Plea Agreement with the understanding that the federal sentence would begin before any state sentence. ECF No. 31. He claimed that he did not want to file a motion for ineffective assistance of counsel but his counsel had admitted that he had

---

[2] On January 29, 2008, Cooley appeared in Weld County District Court on a Colo. R. Crim. P. 35(b) motion with a Colorado public defender. He requested that the court resentence him so that his concurrent state sentences would run concurrently with the federal sentence and that he be moved to federal custody. Transcript of Jan. 29, 2008 Hearing at 2–3 (attached to ECF No. 39). The Weld County District Court denied Cooley's motion, explaining that it did not have authority over the federal system to dictate whether the federal sentence ran concurrently with a state sentence. *Id.*, at 6. In addition, the court denied Cooley's request to reconsider the state sentence because his remedy under Rule 35(b) had been exhausted and he was out of time under that rule. *Id.*, at 7. The court remanded Cooley to the Colorado DOC to serve the balance of his state sentence. *Id.*, at 7, 8.

made a mistake regarding Cooley's sentencing because he had overlooked the fact that Cooley appeared in this Court on the writ. *Id.* Several months later, Cooley filed a "Petition for a Writ of Habeas Corpus, to Address Claims of Ineffective Assistance of Counsel." ECF No. 34. Initially, I construed the Petition as a motion filed under 28 U.S.C. § 2255 and denied it as untimely. June 19, 2008 Order, at 2-4 (ECF No. 35). On Cooley's motion for reconsideration, I vacated my prior order, construed the June 13, 2007 letter as a timely-filed motion under section 2255, and directed Cooley to file an amended section 2255 motion. September 19, 2008 Order (ECF No. 38).

In compliance with my order, Cooley filed the Amended Motion that is before me now. In his Motion, as amended and supplemented, Cooley requests that I revise his federal sentence to direct that it be served concurrently with his later-imposed state law sentences. I interpret the Amended Motion to argue that Cooley's FPD provided ineffective assistance of counsel in violation of the Sixth Amendment when he overlooked the fact that Cooley was appearing on writ and, based on an incorrect assumption that Cooley would begin serving his federal sentence immediately upon the conclusion of the federal case, did not take any steps to request that the federal sentence be imposed to run concurrently with any later-imposed sentence on the pending state charges.

## STANDARD OF REVIEW

I review Cooley's *pro se* pleadings liberally. If I can "reasonably read the pleadings to state a valid claim on which the petitioner could prevail," I should do so. *United States v. Guerrero*, 488 F.3d 1313, 1316 (10th Cir. 2007) (quoting *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999)). I may not, however, rewrite Cooley's petition to include claims never presented. *Id.*

A prisoner in federal custody may move the court for an order vacating, setting aside, or correcting his sentence upon the ground that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). Upon a determination that relief is warranted, I may vacate and set the judgment aside and discharge Cooley, resentence him, grant a new trial, or correct the sentence. § 2255(b).

Cooley's claim that his attorney provided ineffective assistance of counsel during the plea negotiations in violation of the Sixth Amendment properly falls within the ambit of section 2255. *Padilla v. Kentucky*, ___ U.S. ___, 130 S.Ct. 1473, 1486 (2010) ("we have long recognized that the negotiation of a plea bargain is a critical phase of litigation for purposes of the Sixth Amendment right to effective assistance of counsel"). This issue is governed by the two-part test set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail on his claim, Cooley must show "that counsel's performance was deficient," *i.e.*, "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. Cooley must also demonstrate that counsel's "deficient performance prejudiced the defense." *Id.* This second element requires a showing "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* Although not insurmountable, the *Strickland* standard is "highly demanding." *Kimmelman v. Morrison*, 477 U.S. 365, 382 (1986). I may address the elements in any order, and I need not reach both if I find that Cooley has failed to meet the requirements of one. *Strickland*, 466 U.S. at 697.

Addressing the first element, my inquiry must be whether, considering all the circumstances as of the time of the conduct, "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. I review counsel's performance with great deference, indulging "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689 (quotation omitted). *See id.* at 690 ("the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment"); *see also Ransom v. Johnson*, 126 F.3d 716, 721 (5th Cir. 1997) ("Tactical and strategical decisions of counsel 'if based on informed and reasoned practical judgment' will not be second-guessed") (quotation omitted).

Even if Cooley is able to show that his attorneys' performance was constitutionally deficient, he is not entitled to relief under section 2255 unless he can affirmatively prove the deficiencies created prejudice. *Strickland*, 466 U.S. at 693. The Supreme Court summarized this element of the *Strickland* test as requiring that the defendant show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The Court viewed a reasonable probability as "a probability sufficient to undermine confidence in the outcome." *Id.*

In applying this test, I keep in mind that "[t]he purpose [of the effective assistance guarantee of the Sixth Amendment] is simply to ensure that criminal defendants receive a fair trial" and not to improve the quality of legal representation. *Strickland*, 466 U.S. at 689. *See id.* at 686 ("The benchmark for judging any claim of ineffectiveness must be whether

counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result").

## DISCUSSION

1.  Procedural Bar/Waiver/Forfeiture

As an initial matter, I must address the government's contention that Cooley is procedurally barred from challenging his federal sentence because he did not request a concurrent sentence during plea negotiations, at the sentencing hearing, or on direct appeal. Alternatively, the government argues Cooley's claims have been waived or forfeited for the same reasons.

Because Cooley did not object to the plea agreement or sentence–or directly appeal–the issue of concurrent sentences, he may obtain collateral relief pursuant to section 2255 only by showing "both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." *United States v. Frady*, 456 U.S. 152, 168 (1982). *See also United States v. Dago*, 441 F.3d 1238, 1244 (10th Cir. 2006) ("a defendant's failure to raise an issue at trial or on direct appeal imposes a procedural bar to the review of that claim in a habeas proceeding that is excusable only if [*Frady*'s] conditions are met").

I conclude *Frady* has been satisfied here. Cooley contends that his FPD assured him he would start serving his federal sentence first and that therefore it would be up to the state court to address concurrent sentences. This understanding, however faulty, explains Cooley's failure to request a concurrent sentence from this Court or to appeal the lack of such a sentence. The actual prejudice is clear: in the absence of concurrent sentences, Cooley will serve forty-two months more time in prison.

The government next asserts that I should not reach the merits of Cooley's ineffective assistance claim because he waived or forfeited it by not raising the issue of concurrent sentences earlier. Waiver, or the "intentional relinquishment or abandonment of a known right," is not applicable here. *United States v. Carrasco-Salazar*, 494 F.3d 1270, 1272 (10th Cir. 2007) (citation omitted). Cooley's arguments make clear that his goal has always been to have all federal and state sentences run concurrently. His silence at sentencing and the omission of any direct appeal is attributable to his alleged reliance on advice of counsel, not his relinquishment of his goal.

Forfeiture is a more difficult issue. It is clear from the record that Cooley "failed to make the timely assertion" of his request for concurrent sentences. *Id.* That failure, however, and Cooley's alleged reasons for it–his attorney's advice–form the heart of his ineffective assistance claim. Because ineffective assistance would excuse Cooley's failure to request a concurrent sentence, I will reach the merits of his Sixth Amendment claim.

2.   <u>Ineffective Assistance of Counsel Claim</u>

I first address whether Cooley can demonstrate that any deficiencies in his attorney's representation created prejudice. *Strickland*, 466 U.S. at 693. Under the circumstances of this case, this element of the *Strickland* test is distilled to an inquiry of whether I would have granted a request to sentence Cooley to a federal sentence to run concurrently with a yet-to-be-imposed state sentence.

Although Cooley was not facing multiple counts of conviction in federal court, I nonetheless would have consulted U.S.S.G. § 5G1.2 in connection with a request for concurrent sentences. This section of the guidelines places importance on whether a "total punishment" is achieved. *Compare* § 5G1.2(c) ("If the sentence imposed on the count

carrying the highest statutory maximum is adequate to achieve the total punishment," the sentences shall run concurrently) *with* § 5G1.2(d) ("If the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment"). I would not have granted a request for concurrent sentences merely because Tenth Circuit case law authorized such sentences under the circumstances.

Upon review of the record in this case, I conclude that I would not have granted a request that Cooley's federal sentence run concurrently with any sentence imposed on the pending state charges. Without evidence of what those state sentences would be (evidence that could not have been presented given the incomplete stage of the state cases), and without some indication of how those sentences could have compared to the "total punishment" contemplated by section 5G1.2, I would have required that all, or a significant portion, of Cooley's federal sentence be consecutive to the state sentences.[3] Cooley has not shown prejudice sufficient to undermine confidence in the outcome of his case. *Strickland*, 466 U.S. at 694.

Because Cooley has not met his burden under *Strickland*'s prejudice prong, I need not reach the issue of whether his attorney's performance fell below the minimum standards of effective representation. Cooley's § 2255 motion must be denied.

3. <u>New Claims</u>

---

[3] What that portion might have been is now a matter of speculation, and mere speculation cannot equate to *Strickland*'s "reasonable probability that . . . the result of the proceeding would have been different." 466 U.S. at 694.

On December 15, 2008, Cooley filed a "Supplement to 28 U.S.C. § 2255 (ECF No. 45). In this filing, Cooley adds two claims of ineffective assistance of counsel. The first is based on his attorney's alleged failure to file a timely motion requesting a credit for presentence confinement for his federal sentence. The second addresses his attorney's failure to file a claim for alleged violations of the Interstate Agreement on Detainers, 18 U.S.C. App. 2. On September 18, 2009, Cooley filed a Suppl[e]ment to 28 U.S.C. § 2255 (ECF No. 47). Although styled as a supplement to the earlier-filed Amended Motion, this pleading raises a new claim of violation of equal protection rights based on Cooley's financial inability to post bond. Treating both supplements as an attempt to amend his section 2255 motion to add the new claims of ineffective assistance and the claim for equal protection violation, I must deny these as untimely.

Rule 15(c)(2) provides that "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleading[.]" Here, Cooley's new assertions of ineffective assistance of counsel address issues of presentence confinement credit and the Interstate Agreement on Detainers. Neither issue arises out of or relates in any way to the advice his FPD provided concerning obtaining concurrent sentences on the federal and state charges. Similarly, the new claim of violation of equal protection stems from the bond proceedings held when he was arrested on the state court charges and is unrelated to the issue of concurrent sentences.

Because the claims raised in Cooley's two supplements do not relate back to the original section 2255 motion, they must independently satisfy the one-year limitations period of the Anti-Terrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2255(f).

*United States v. Guerrero*, 488 F.3d at 1316 ("When a § 2255 movant seeks to amend his pleading to include a new claim, we will only entertain this claim if the amendment is made within the one-year time limit set by the AEDPA"). *See also United States v. Espinoza-Saenz*, 235 F.3d 501, 504-05 (10th Cir. 2000) (§ 2255 movant cannot assert new claims in motion to amend filed after AEDPA time limit has expired).

Cooley was sentenced September 19, 2005. In my September 19, 2008 Order, I concluded that the one-year limitations period for filing a section 2255 motion began on October 6, 2006, when he was sentenced in state court and became aware, for the first time, that he would not serve his federal sentence before his state sentences. Both the supplement raising the new ineffective assistance of counsel claims, filed December 15, 2008, and the supplement seeking to raise the equal protection claim, filed September 18, 2009, are well outside the limitations period. The claims are time-barred.

4.     Appointment of Counsel

In one of his supplements to the § 2255 motion, Cooley requests appointment of counsel to act as a witness in determining that his FPD did not perform up to professional standards. Supplement, at 2 (ECF No. 45). Cooley also asks for appointed counsel to investigate the alleged violation of the Interstate Agreement on Detainers. Given my rulings that Cooley failed to establish prejudice from any alleged deficient representation and that the Interstate Agreement on Detainers issue was not timely filed, I deny both requests.

Accordingly, it is ORDERED that:

1.     The Amended 28 U.S.C. § 2255 Motion, filed September 26, 2008 (ECF No. 39), is denied.

2.     Cooley's requests for appointment of counsel or for a separate attorney to appear

as a witness in determining that his FPD did not perform up to professional standards are denied.

3. Cooley's Supplement to 28 U.S.C. § 2255, filed December 15, 2008 (ECF No. 45), construed as a motion to amend to include claims based on presentence confinement credit and the Interstate Agreement on Detainers, is dismissed as untimely.

4. Cooley's Suppl[e]ment to 28 U.S.C. 2255, filed September 18, 2009 (ECF No. 47), construed as a motion to amend to include a claim for violation of equal protection, is denied as untimely.

DATED at Denver, Colorado, on July 21, 2011.

BY THE COURT:

s/ Walker D. Miller
United States District Judge